IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPHINE V. FRANCO,

      Plaintiff,

v.                                                             No. 1:20-cv-00223-KK

STATE OF NEW MEXICO, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 11, 2020 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 11, 2020 ("Application").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff total monthly income is $1,820.00; (ii) Plaintiff's monthly expenses total $2,090.00; and (iii) Plaintiff owes her sister $30,000.00 for food, prescriptions, etc. The Court finds that Plaintiff is unable to pay the costs of this proceeding because her total monthly expenses exceed her monthly income.

**The Complaint**

Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 names the State of New Mexico, the City of Santa Fe, Santa Fe Police Officer B. Rodriguez, and unnamed "Individuals parties involved." Complaint at 1-2. Plaintiff alleges that she was "denied access to State Bldg, banks, credit union, Municipal Court of Santa Fe – Justine, secretary," but, with the exception of the Municipal Court of Santa Fe, does not allege who denied her the access or when the denials occurred. Complaint at 2. The Complaint also indicates Plaintiff was denied due process but does not state who denied her due process or what those persons did to deny her due process. *See* Complaint at 2, 7.

**State of New Mexico**

The Court does not have jurisdiction over Plaintiff's 42 U.S.C. § 1983 damages claims against Defendant State of New Mexico. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*,

299 F.3d 1173, 1180 (10th Cir. 2002).   There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181.  Neither exception applies in this case.  "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in her complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

**City of Santa Fe**

The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Santa Fe.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation."  *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. \*754 Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).  Plaintiff has not alleged that a City of Santa Fe employee committed a constitutional violation or that a City of Santa Fe policy or custom was the moving force behind the constitutional deprivation.

**Individual Defendants**

The Complaint fails to state a claim upon which relief can be granted against the individual Defendants because Plaintiff fails to state with any particularity what each Defendant did to

3

Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While many of the claims can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service on Defendants at this time because the Complaint fails to state a claim against the Defendants and Plaintiff has not provided Defendants' addresses. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim against all named Defendants; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 11, 2020, is **GRANTED.**

(ii) Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**